**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JASON J. NICHOLSON,

      Plaintiff - Appellant,

v.

STEVEN MNUCHIN, Secretary,
Department of the Treasury (Internal
Revenue Service),

      Defendant - Appellee.

No. 18-4076
(D.C. No. 1:14-CV-00178-DN)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.

_____

## I.  BACKGROUND

While employed at the IRS, Jason Nicholson sent anonymous letters to the

Treasury Inspector General for Tax Administration.  The letters falsely claimed that three

IRS employees discussed assassinating the President of the United States.  Mr. Nicholson

admitted that he wrote the letters because his co-workers had caused him to receive a

negative performance evaluation and to lose a scheduled salary grade increase.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The IRS placed Mr. Nicholson on indefinite suspension.  He appealed to the Merit Systems Protection Board ("MSPB"), claiming disability discrimination.  The MSPB found no discrimination and upheld the suspension.  Mr. Nicholson appealed to the EEOC, which upheld the MSPB order.

Proceeding pro se, Mr. Nicholson sued the Secretary of Treasury in federal district court, alleging (1) he was "falsely indicted," (2) the IRS "made false statements" to the MSPB and the EEOC, and (3) he was suspended "due to disability discrimination."  ROA at 5.

A magistrate judge, acting under 28 U.S.C. § 636(b)(1)(B), concluded that Mr. Nicholson's one-page complaint and a proposed amendment were frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), and granted leave to file an amended complaint, which he did.  In a Report and Recommendation ("R&R"), the magistrate judge determined the amended complaint failed to state a claim under § 1915(e)(2)(B)(ii) and that the allegations were frivolous under § 1915(e)(2)(B)(i), and recommended that the action be dismissed with prejudice.  ROA at 32-42.

Mr. Nicholson objected to the R&R.  *Id.* at 43-44, 48.  The district court rejected his objections, adopted the R&R, and dismissed the case with prejudice.  *Id.* at 52-55.  Mr. Nicholson has appealed.

## II. **DISCUSSION**

Exercising jurisdiction under 28 U.S.C. § 1291, and construing Mr. Nicholson's pro se filings liberally, *see Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), we affirm.

2

Mr. Nicholson's four-page appellate brief alleges only that "the Department of Treasury destroyed evidence showing I was innocent" and "obstructed [j]ustice," that "the Utah District Court did nothing to stop them," and that "Treasury [a]gents committed [t]reason" and "the court allowed [i]t." Aplt. Br. at 2-4.

These allegations are only similar to the second objection (of four) that Mr. Nicholson made to the R&R in district court: "The court should [have] made sure the criminal case was handled fairly and not allowed the IRS or Treasury Inspector General for Tax Administration to destroy evidence such as video recordings proving I was innocent." ROA at 43. The district court rejected this objection, stating that "Mr. Nicholson has failed to articulate how a recording of himself would prove his innocence in a manner that he could not prove without the recording." *Id.* at 53.

Mr. Nicholson's brief repeats the allegations in his second objection to the R&R but does not attempt to show how the district court's rejection of his objection was erroneous. Nor does Mr. Nicholson challenge on appeal the reasoning of the R&R or the district court order dismissing his case. We have reviewed Mr. Nicholson's amended complaint and agree with the district court's analysis and its decision to dismiss it as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B).

3

## III.  **CONCLUSION**

We affirm the judgment of the district court.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge